```
Priority   __
Send       __
Enter      __
Closed     __
JS-5/JS-6  ✓
JS-2/JS-3  __
Scan Only  __
○ ✓
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL DAVID GONZALES, | ) Case No. CV 07-561-VAP (OP) |
| Petitioner, | ) |
| vs. | ) MEMORANDUM AND ORDER RE: VACATING AND SETTING ASIDE OF JUDGMENT AND ORDER PURSUANT TO FED. R. CIV. P. 60 |
| L.J. WALKER, Warden, | ) |
| Respondent. | ) |

## I.

## BACKGROUND AND PROCEEDINGS

On January 23, 2007, Manuel David Gonzales ("Petitioner") filed the current Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). On March 12, 2007, Respondent filed an Answer to the Petition. On August 31, 2007, Petitioner filed a Traverse to the Answer.

On or about March 14, 2009, the Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), was inadvertently forwarded to the District Judge rather than to the parties. As a result, the parties were not given the opportunity to file objections to the Report and

Recommendation. On March 20, 2009, the Judgment and Order Adopting Findings, Conclusions, and Recommendations of United States Magistrate Judge were entered, dismissing the action with prejudice.

For the reasons set forth below, the Order and Judgment entered by this Court on March 20, 2009, dismissing the action with prejudice are hereby vacated and set aside.

## II.

## DISCUSSION

Upon its own initiative or on the motion of any party, a court may correct clerical mistakes in judgments, orders, or other parts of the record arising from oversight or omission. Fed. R. Civ. P. 60(a). A district court has very wide latitude in correcting clerical mistakes in a judgment. In re Jee, 799 F.2d 532, 535 (9th Cir. 1986). However, such a correction may only conform the judgment to the court's original intent. See Harman v. Harper, 7 F.3d 1455, 1457 (9th Cir. 1993) (citing Robi v. Five Platters, Inc., 918 F.2d 1439, 1445 (9th Cir. 1990) ("A district court judge may properly invoke Rule 60(a) to make a judgment reflect the actual intentions and necessary implications of the court's decision."). This limits the use of Rule 60(a) to correct errors in oversight and omission, which are "blunders in execution." Blanton v. Anzalone, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987). The error can be corrected whether it is made by a clerk or by the judge. Id. at 1577. Rule 60(a) "cannot be used to correct more substantial errors, such as errors of law." Waggoner v. R. McGray, Inc., 743 F.2d 643, 644 (9th Cir. 1984) (per curiam).

As set forth above, on or about March 14, 2009, the Report and Recommendation of United States Magistrate Judge was inadvertently forwarded to the District Judge rather than to the parties. After Judgment was entered dismissing the action with prejudice, the Court discovered the clerical error which resulted in the entry of the Judgment without allowing the parties to receive the

1  Report and Recommendation or the opportunity to file objections thereto.
2  Accordingly, the Court finds that relief from Judgment is warranted. Fed. R. Civ.
3  P. 60(a).

### III.
### CONCLUSION

Based on the foregoing, the Order and Judgment entered by this Court on March 20, 2009, dismissing the action with prejudice are hereby vacated and set aside. The Clerk is directed to file the Report and Recommendation and serve it on the parties. Thereafter, Petitioner shall have thirty days to file objections to the Report and Recommendation, and Respondent shall have fourteen days to file any objections thereto.

**IT IS SO ORDERED.**

DATED: March 31, 2009

HONORABLE VIRGINIA A. PHILLIPS
United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge

3